# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA BREAKFAST CLUBS, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BREAKFAST CLUB AMERICA, LLC, a North Carolina limited liability corporation; SCOTT CRITES, an individual; CAROL CRITES, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 07 CV 0927 JM (POR)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BREAKFAST CLUB AMERICA, LLC**<br><br>**Doc. No. 43** |

Pending before the court is a motion by plaintiff Southern California Breakfast Clubs, Inc., a California corporation ("Plaintiff"), to enter default judgment against Defendant Breakfast Club America, LLC ("BCA"). (Doc. No. 43.) Although Plaintiff served defendants with notice of the motion, Defendants have not responded and the time for response has expired. After reviewing Plaintiff's papers, the court hereby **GRANTS** the motion for the reasons set forth below.

## I. BACKGROUND

This action arises out of franchise agreements entered into by plaintiff Southern California Breakfast Clubs, Inc. and defendant Breakfast Club America, LLC ("BCA"). BCA is a franchisor of networking clubs for professionals called "Breakfast Clubs." Defendant Scott Crites founded and

1  formerly acted as BCA's President/Managing Member.  His wife, defendant Carol Crites, formerly
2  acted as BCA's Vice President of Franchise Operations.  Plaintiff purchased four BCA franchises in
3  March 2006.  Plaintiff sued on a variety of state-law grounds, asserting diversity jurisdiction.[1]

4  Plaintiff filed its complaint on May 22, 2007.  (Doc. Nos. 1.)  All defendants filed a motion
5  to compel arbitration and motion to stay the action, which was denied by the court on March 10, 2008.
6  (Doc. No. 36.)  In the interim, Defendants Scott and Carol Crites notified the court they had filed for
7  Chapter 7 bankruptcy, which operates as a stay of this judicial proceeding against them.  (Doc. No.
8  28.)  On March 10, 2008, the court ordered remaining defendant BCA to respond to the complaint
9  within 30 days.  (Doc. No. 36.)  When BCA failed to so respond, Plaintiff moved the clerk to enter
10 default and gave notice to Defendants of the same.  (Doc. Nos. 36, 39.)  The clerk entered default
11 against BCA on June 9, 2008.  (Doc. No. 40.)  This motion for default judgment followed.

**II.    DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 55(b), once an entry of default has been entered against a defendant, the plaintiff must apply to the court for a default judgment.  Although policy considerations militate in favor of resolving cases on their merits rather than through default judgment procedures, the decision to grant or deny a request for such a judgment falls within the court's sound discretion.  Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974); Draper v. Combs, 792 F.2d 915 (9th Cir. 1986).  Courts consider the following factors in making the determination:  the substantive merits of the plaintiff's claim; the sufficiency of the complaint; the amount of money at stake; the possibility of prejudice to plaintiff if relief is denied; and the possibility of dispute as to any material facts in the case.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The amount of damages entered in a default judgment may be determined from the allegations of the complaint or other documentary evidence.  Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d. 1319, 1323-24 (3rd Cir. 1983).  In its Complaint, Plaintiff requested various forms of relief, including rescission of the franchise agreement, compensatory damages for franchise fees,

---

[1] The state-law claims are for declaratory relief, violation of Cal. Corp. Code §§ 31300, 3119, 31201, fraud in the inducement, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of Cal. Bus. and Prof. Code § 17200.

1  start up expenses and other consequential damages according to proof, attorney's fees and costs, and
2  injunctive relief.  (Doc. No. 1 at 15-16.)  However, in pursuing default judgment, Plaintiff has
3  narrowed its claim to cover only the amount of the franchise fees paid to BCA.  (Doc. No. 43 at 1.)
4       In its Complaint, Plaintiff alleged that, on or about March 14, 2006, it purchased four BCA
5  franchises, covering San Diego County, Orange County, Los Angeles County, and Las Vegas
6  territories, for $65,000 each, totaling $260,000.  (Doc. No. 1 at 3.)  However, contrary to BCA's
7  representations, BCA had failed to register in California as a valid franchisor.  (Doc. No. 1 at 3.)
8  Thereafter, in June 2007, BCA ceased corporate operations, and later failed to issue invitations to
9  Plaintiff's July 20, 2007 Las Vegas kick-off event.  (Doc. No. 43 at 4.)  Plaintiff seeks a return of its
10 $260,000 investment.

## III. CONCLUSION

Upon consideration of the Eitel factors and Plaintiff's allegations regarding damages, the court **GRANTS** the motion for default judgment (Doc. No. 43). The Clerk shall enter judgment for plaintiff in the amount of $260,000.

**IT IS SO ORDERED.**

DATED: November 3, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:    All parties